UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

JOHN D. MONVILLE,

    Debtor.

_____/

Case No. DM 11-90444
Hon. Scott W. Dales
Chapter 7

ONTONAGON COUNTY,

    Plaintiff,

v.

JOHN D. MONVILLE,

    Defendant.

_____/

Adversary Pro. No. 11-99007

MEMORANDUM OPINION AND ORDER
REGARDING EXCEPTION TO DISCHARGE

PRESENT:  HONORABLE SCOTT W. DALES
      United States Bankruptcy Judge

This adversary proceeding arises from the orders of the Ontonagon County Circuit Court obligating John D. Monville (the "Debtor") to reimburse the County of Ontonagon (the "Plaintiff") for out-of-home placement costs it incurred while the Debtor's son was in a juvenile detention facility beginning in 1999. The Plaintiff asks the court to treat the debt as a "domestic support obligation" under 11 U.S.C. § 101(14A), and except it from discharge under 11 U.S.C. § 523(a)(5). The Debtor opposes the request. The parties have agreed to resolve their dispute upon stipulated facts (the "Stipulated Facts," DN 10), waiving a traditional bench trial.

This opinion constitutes the court's findings of fact and conclusions of law in accordance with Fed. R. Civ. P. 52, made applicable to adversary proceedings by Fed. R. Bankr. P. 7052. As explained below, the court will enter judgment for the Plaintiff.

## I.   JURISDICTION

The court has jurisdiction over the Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334.  The United States District Court has referred the case and related proceedings, including this adversary proceeding, to the United States Bankruptcy Court pursuant to 28 U.S.C. § 157(a) and L.Civ.R. 83.2(a) (W.D. Mich.).   This matter involves an exception to discharge and is therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).   Furthermore, the parties waived any issues regarding the court's authority to enter final judgment in accordance with the court's Pretrial Order dated February 13, 2012 .

## II.   EXCEPTION TO DISCHARGE STANDARDS

Any creditor who objects to the discharge of a debt under 11 U.S.C. § 523(a), must show by a preponderance of the evidence that the debt falls within 11 U.S.C. § 523(a).  *Grogan v. Garner,* 498 U.S. 279, 286 (1991).   Moreover, when the court evaluates an exception to discharge, it must construe the statute narrowly in order to preserve a debtor's "fresh start."  *See Gleason v. Thaw*, 236 U.S. 558, 562 (1915).

In making its determination, the court has treated the parties' Stipulated Facts as if it constituted the record of evidence admitted at trial, drawing reasonable inferences from the evidence.  The court makes the following findings.

## III. DISCUSSION

In 1999, the Debtor's son, Cody Monville ("Cody"), then a minor, came under the jurisdiction of the Family Division of the Ontonagon County Circuit Court (the "Family Court"), which ordered him to be placed in secure detention at the Keweenaw Academy, a juvenile rehabilitation facility in Ontonagon County.  In a series of orders, the Family Court directed the Debtor to pay the following debts:  one-half of the $190.00 fee for drug testing; one-half of the

$297.99 for Cody's detention at Bay Pines (a juvenile detention center); and $50.00 per month for out-of-home placement, while he resided at Keweenaw Academy. *See* Stipulated Facts at Exhibits 2 and 4. As of April 10, 2012, the Debtor still owed the Plaintiff $2,054.13 for these placement costs (the "Debt"). *See* Stipulated Facts at Exhibit 5.

The only issue before this court is whether the Debt qualifies as a domestic support obligation under 11 U.S.C. § 101(14A), and therefore within the exception to discharge prescribed in 11 U.S.C. § 523(a)(5).

The Bankruptcy Code defines "domestic support obligation," in relevant part, as follows:

[A] debt that accrues before, on, or after the date of the order for relief . . . that is—

> (A)   owed to or recoverable by—
> . . .
>
> (ii) a governmental unit;
>
> (B)   in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) . . . without regard to whether such debt is expressly so designated;
>
> (C)   established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of—
>
> > (i) a separation agreement, divorce decree, or property settlement agreement;
> >
> > (ii) an order of a court of record; or
> >
> > (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
>
> (D)   not assigned to a nongovernmental entity . . .

11 U.S.C. § 101(14A). In summary, a debt qualifies as a domestic support obligation when it is owed to one of the parties specified in the statute, and is in the nature of support or maintenance. The debt must be established (or susceptible to establishment) in a divorce or family law setting,

or in a court order, or through the determination of a governmental unit, but the debt cannot be assigned to a nongovernmental entity.

The Debtor stipulates that he owes the Plaintiff the Debt, and the court finds that the Plaintiff, a county in Michigan's Upper Peninsula, qualifies as a "municipality" and therefore a "governmental unit." *See* 11 U.S.C. § 101(27) ("governmental unit") and (40) ("municipality").[1] The Plaintiff is within the class of protected entities.

The Family Court awarded the expenses to the Plaintiff pursuant to the statutory authority found in M.C.L. §§ 769.1(7) and 712A.18. These statutes authorize state courts to order a juvenile's parents to reimburse the county for the support or cost of care while the child is residing in juvenile detention, or in a rehabilitation program pursuant to court order. The purpose behind M.C.L. §§ 769.1(7) and 712A.18 is not only to give aid to the counties that provide services to juveniles while in custody, but also to hold parents responsible for the costs of caring for their own children. *See Smith v. Smith*, 447 N.W.2d 715 (Mich. 1989). Because the Family Court relied on these statutes, and from the statements regarding Cody's placement included within the Stipulated Facts, the court finds, in the parlance of the Bankruptcy Code, that the Debt is "in the nature of . . . support (including assistance provided by a governmental unit)." 11 U.S.C. § 101(14A)(B).

Furthermore, because Congress specifically included the expanding phrase "assistance provided by the government" in the definition of domestic support obligation, there can be no doubt that it intended to except from discharge debts such as the one the Debtor owes to the Plaintiff. Section 523(a)(5) depends exclusively on this definition, which Congress expanded in 2005 precisely to include debts arising from governmental assistance.

---

[1] In a departure from a prior and more limited version of the statute, Congress added governmental units to spouses, children, guardians and other individuals included among the class of creditors enjoying special protections under the Bankruptcy Code. 11 U.S.C. § 101(14A)(A)(ii).

Finally, the Stipulated Facts establish that the Debt arises from an order of the Family Court -- the "court of record" -- and it was not assigned to a nongovernmental entity. Plaintiff therefore satisfies the disjunctive test of 11 U.S.C. § 101(14A)(C)(ii) and 101(14A)(D).

Having reviewed the Stipulated Facts, the exhibits, and the authorities mentioned above, the court concludes that the Debt arising from Cody's out-of-home placement costs is a domestic support obligation under § 101(14A), and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(5).

In reaching this decision, the court has considered the Debtor's argument premised on *County of Oakland v. Fralick*, 215 B.R. 132 (Bankr. W.D. Mich. 1997), which held that a debt for foster care reimbursement was dischargeable. The *Fralick* decision, however, turned on a now-superseded definition of "domestic support obligation," predating the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), which took effect in 2005. The former, narrower definition led some courts, including the court in *Fralick*, to require two additional elements before excepting from discharge a debt that is in the nature of alimony, maintenance, support.[2]

First, some courts required that the debt be owed directly to the spouse, former spouse, or child before recognizing any discharge exception. Second, some courts concluded that a governmental unit could only qualify its debt as nondischargeable if it could prove a valid assignment from a child, spouse, or former spouse. *Fralick*, 215 B.R. at 134; *see also In re Platter*, 140 F. 3d 676 (7th Cir. 1998) (holding a debt for delinquent child's residential treatment was dischargeable without proper assignment); *In re Erfourth* 126 B.R. 736 (Bankr. W.D. Mich.

---

[2] Former 11 U.S.C. § 523(a)(5) excepted from discharge, "any debt to a spouse, former spouse, or child . . . for alimony to, maintenance for, or support of . . . but not to the extent that (A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise ( other than . . . any such debt which has been assigned to the Federal Government or to a State) . . . ."

1991) (holding the debt for child's juvenile treatment was clearly support but was not properly assigned and therefore discharged).  However, BAPCPA unequivocally removed these two requirements.

The current, and much simpler, version of 11 U.S.C. § 523(a)(5) now excepts from discharge "any debt for a domestic support obligation" as defined in 11 U.S.C. § 101(14A). Within the definition, Congress broadened the class of favored creditors and only excluded assignments to nongovernmental entities from qualifying as domestic support obligations, thus eliminating the previous assignment requirement.  11 U.S.C. § 101(14A)(D).  More to the point given the Stipulated Facts, the current definition also expressly excepts from discharge any debt owed to or recoverable directly by a governmental unit, without reference to any assignment whatsoever.  11 U.S.C. § 101(14A)(A)(ii).  Consequently, the changes Congress made in 2005 when it enacted BAPCPA undermine the persuasive effect of *Fralick*, *Platter*, and *Erfourth*.

### IV.  CONCLUSION AND ORDER

The court has determined, based upon all evidence provided by the parties, that the Debt for reimbursement of Cody's out-of-home placement costs is a domestic support obligation under 11 U.S.C. § 101(14A), and therefore excepted from discharge under 11 U.S.C. § 523(a)(5). Accordingly, the court will enter judgment for the Plaintiff.

Having found for the Plaintiff, the court will also deny the Debtor's request for attorney's fees.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall enter judgment declaring the Debt excepted from discharge under 11 U.S.C. § 523(a)(5).

IT IS FURTHER ORDERED that the Debtor's request for attorney fees is DENIED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Opinion and Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Rudolph F. Perhalla, Esq., James R. Jessup, Esq., and Jesse J. Monville, Esq.

**IT IS SO ORDERED.**

**Dated June 14, 2012**



Scott W. Dales
United States Bankruptcy Judge